UNITED STATES of America,
Plaintiff–Appellee,

v.

William Louis GRINNELL, Jr.,
Defendant–Appellant.

No. 89–8823.

United States Court of Appeals,
Eleventh Circuit.

Oct. 24, 1990.

Charles T. Erion, Macon, Ga., for defendant-appellant.

Deborah G. Fowler, Michael T. Solis, Asst. U.S. Attys., Macon, Ga., for plaintiff-appellee.

Before ANDERSON and EDMONDSON, Circuit Judges, and GODBOLD, Senior Circuit Judge.

**668**

PER CURIAM:

On this appeal, defendant William Louis Grinnell, Jr., raises several challenges to his criminal convictions and sentences, including a constitutional attack on the mandatory sentencing provisions found in 18 U.S.C. § 924(c)(1). Under 18 U.S.C. § 924(c)(1), any individual convicted of using or carrying a firearm during and in relation to a crime of violence or drug trafficking offense shall be sentenced to a mandatory five-year sentence to be served consecutively to any other term of imprisonment.[1] Grinnell argues that imposition of this fixed, mandatory sentencing provision violates due process in two respects: first, he contends that the mandatory sentencing requirement deprives him of his right to receive individualized treatment at sentencing; and second, he claims that Congress' decision to impose a mandatory five-year sentence for the offense was arbitrary and capricious. For the same reasons that another panel of this court recently upheld a challenge to the 20–year mandatory sentencing provision under 18 U.S.C. § 924(c), *see United States v. Hamblin,* 911 F.2d 551, 555–56 (11th Cir. 1990),[2] we uphold Grinnell's five-year mandatory, consecutive sentence.

▮▮▮ In the area of non-capital criminal offenses, Congress enjoys wide latitude both in defining that conduct which constitutes a criminal act and in prescribing the appropriate sentence to be imposed after judicial ascertainment of guilt. *See generally Mistretta v. United States,* 488 U.S. 361, 109 S.Ct. 647, 650, 102 L.Ed.2d 714 (1989). In assessing Congress' choice of punishment associated with any particular non-capital offense, federal court review is severely limited. Traditionally, the legislative body's choice of sentence is insulated from judicial review unless the prescribed sentence when considered in light of the proscribed conduct, is so severe as to constitute cruel and unusual punishment or is wholly lacking in a rational purpose.

▮▮▮ A defendant who commits a non-capital offense generally has no right to receive an individualized sentence. *United States v. Erves,* 880 F.2d 376, 379 (11th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 416, 107 L.Ed.2d 381 (1989). Indeed, throughout the early years of this nation's history, most criminal offenses carried with them a mandatory, fixed term of imprisonment. *See United States v. Grayson,* 438 U.S. 41, 45–46, 98 S.Ct. 2610, 2613, 57 L.Ed.2d 582 (1978) (citing Report of Twentieth Century Fund Task Force on Criminal Sentencing, Fair and Certain Punishment 83–85 (1976)). Thus, the fact that Congress has chosen to limit the range of permissible sentences by requiring a mandatory minimum amount of imprisonment, *United States v. Solomon,* 848 F.2d 156, 157 (11th Cir.1988) (per curiam); *United States v. Holmes,* 838 F.2d 1175 (11th Cir.

1. In its entirety, 18 U.S.C. § 924(c)(1) provides:
   Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years, and if the firearm is a machinegun, or is equipped with a firearm silencer or firearm muffler, to imprisonment for thirty years. In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years, and if the firearm is a machinegun, or is equipped with a firearm silencer or firearm muffler, to imprisonment for life imprisonment without release. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried. No person sentenced under this subsection shall be eligible for parole during the term of imprisonment imposed herein.

2. In *Hamblin,* the defendant challenged that portion of 18 U.S.C. § 924(c)(1) which requires district courts to impose a mandatory 20–year sentence upon defendants who, having once been convicted of violating § 924(c)(1), are subsequently convicted of again violating the same statute.

1988), or by enacting a mandatory sentencing provision, *United States v. Head,* 755 F.2d 1486, 1492 (11th Cir.1985) (upholding 10–year mandatory sentence); *Smith v. United States,* 284 F.2d 789, 791 (5th Cir. 1960) (upholding a 25–year mandatory sentence),[3] does not violate the Constitution.

■ Here, § 924(c)(1) requires imposition of a five-year sentence upon conviction. Although a sentencing judge might wish to impose a different sentence absent this legislative constraint, the constitution has never been interpreted to require a sentencing judge to have absolute discretion in choosing a term of incarceration. *Cf. United States v. Addonizio,* 442 U.S. 178, 188–90, 99 S.Ct. 2235, 2242–43, 60 L.Ed.2d 805 (1979). Consequently, we agree that § 924(c)(1) is not inherently violative of due process because it requires imposition of a mandatory sentence.[4] *United States v. Hamblin,* 911 F.2d at 555. *Accord United States v. Goodface,* 835 F.2d 1233, 1234 (8th Cir.1987).

■ Grinnell also argues that the imposition of a mandatory five-year sentence under § 924(c)(1) is arbitrary or capricious. This court in *Hamblin* held that the 20–year mandatory sentence for a person convicted a second time of violating § 924(c)(1) is not arbitrary and irrational. For the same reasons, we hold that the mandatory five-year sentence is not arbitrary or capricious. "[W]here a statute does not discriminate on racial grounds or against a suspect class, Congress' judgment will be sustained in the absence of persuasive evidence that Congress had no reasonable basis for drawing the lines that it did." *Holmes,* 838 F.2d

at 1177. Reviewing § 924(c)(1), we find that Congress had ample cause to enact the statute. It is well-recognized that the use of weapons during drug trafficking offenses and crimes of violence increases the likelihood of harm to innocent individuals and law enforcement agents. In recognition of the additional risk posed by the use of firearms during such offenses, Congress enacted § 924(c)(1) as a means by which to ensure that individuals who create such additional risks to the public at large are appropriately punished. By authorizing the imposition of a fixed term of incarceration for those who use or carry a firearm during and in relation to violent crimes or drug trafficking offenses, Congress sought to provide law enforcement agents and prosecutors with an additional weapon to utilize in stemming the flow of such criminal behavior. *See* H.R.Rep. No. 495, 99th Cong., 2d Sess. 1, 2 (1986), 4 U.S.Code Cong. & Ad.News 1327, 1328 (July 1986). We readily conclude that the enactment of § 924(c)(1)'s five-year mandatory sentencing provision is rationally related to furthering these objectives.[5] *See Holmes,* 838 F.2d at 1178 ("Our responsibility is not to determine whether this was the correct judgment or whether it best accomplishes Congressional objectives; rather, our responsibility is only to determine whether Congress' judgment was rational.").

Under the controlling authority of *United States v. Hamblin* and for the reasons stated above, we reject Grinnell's challenge to the constitutionality of 18 U.S.C.

---

**3.** This case was decided prior to the close of business on September 30, 1981, and is binding precedent under *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981).

**4.** Moreover, as applied in this case, we note that Grinnell has received an individualized sentencing to some extent. In addition to having been convicted under 18 U.S.C. § 924(c)(1), Grinnell also plead guilty to two other criminal charges. His sentences under each of these other two criminal convictions were determined in accordance with the sentencing guidelines. In calculating the proper sentences under the sentencing guidelines, the district court was able to exercise its discretion to ensure that the appro-

priate sentence accounted for all relevant facts. *See Erves,* 880 F.2d at 379 ("The guidelines allow a measure of discretion within a specified range in all cases, and, under exceptional circumstances, provide a vehicle for departure from the normally prescribed punishment range.").

**5.** We have recently noted that Congress also had rational reasons for providing that law enforcement agents, such as Grinnell, who engage in drug trafficking offenses and use or carry their officially issued firearm in relation to such an offense should also receive mandatory sentences under § 924(c)(1). *See United States v. Rivera,* 889 F.2d 1029, 1031 (11th Cir.1989) (per curiam).

**670**

§ 924(c)(1). Grinnell's other claims of error are without merit and warrant no discussion. Thus, we affirm his convictions and sentences.

AFFIRMED.