**UNITED STATES, Appellee,**

v.

**Juan R. CAMPUSANO, Defendant, Appellant.**

**No. 91–1317.**

United States Court of Appeals, First Circuit.

Heard Sept. 11, 1991.

Decided Oct. 17, 1991.

Thomas G. Murray, Springfield, Mass. by appointment of the Court, for defendant, appellant.

Bertha D. Josephson, Asst. U.S. Atty., with whom Wayne A. Budd, U.S. Atty., Boston, Mass., was on brief, for appellee.

Before TORRUELLA, Circuit Judge, TIMBERS,* Senior Circuit Judge, and CYR, Circuit Judge.

TIMBERS, Circuit Judge:

Appellant Juan R. Campusano appeals from a judgment entered January 23, 1991 in the Western District of Massachusetts, Frank H. Freedman, *Chief District Judge*, upon a jury verdict of guilty of the charge of carrying a firearm during commission of a drug trafficking crime.

Campusano was convicted of one count of possessing a firearm during the commission of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (1982). Section 924 provides for a mandatory minimum sentence of five years. Campusano, accordingly, received a five year sentence of imprisonment, to run consecutively to a state court sentence he was serving, and to be followed by a two year term of supervised release.

On appeal, Campusano contends: (1) that the statute under which he was sentenced, 18 U.S.C. § 924(c) (1982), is unconstitutional because it does not provide for individualized sentencing, and it precludes discretion on the part of the district court; (2) that the district court improperly admitted Campusano's state court guilty plea to the same underlying conduct charged in the federal indictment; (3) that the jury was improperly instructed as to the permissible use of Campusano's state court guilty plea; and (4) that there was insufficient evidence, notwithstanding the guilty plea, to support

*Of the Second Circuit, sitting by designation.

his conviction. For the reasons which follow, we affirm the judgment of conviction.

## I.

We shall summarize only those facts and prior proceedings believed necessary to an understanding of the issues raised on appeal.

On August 8, 1989, Luis Rodriguez, an undercover officer of the Western Massachusetts Drug Task Force, made arrangements with Jose Gil–Perez by telephone to purchase a kilogram of cocaine for $24,000. Gil–Perez was to travel from New York City to Chicopee, Massachusetts, with the cocaine on the following day, August 9. On that day, Rodriguez confirmed by telephone that Gil–Perez would meet him at the Chicopee Ramada Inn where they would exchange the cocaine and money. Later that day, at 2:35 p.m., Rodriguez met Gil–Perez, Campusano, and a third individual, identified as an informant, in the lobby of the Ramada Inn where Rodriguez had rented a room for the transaction. Once inside the room, Rodriguez handed Gil–Perez $24,000 in cash. Gil–Perez divided it, keeping half and giving half to Campusano, who immediately began counting it. Meanwhile Gil–Perez instructed the informant to retrieve the package containing the cocaine from the trio's vehicle. The informant brought the package to Gil–Perez, who immediately gave it to Rodriguez.

Gil–Perez then informed Rodriguez that he could supply up to ten kilos of cocaine and any type of weapons Rodriguez needed. He pulled a .357 magnum revolver from his waistband to emphasize his point. Campusano continued counting the money during this time.

When Gil–Perez returned the gun to his waistband, Rodriguez, who was wearing a wire, signaled other law enforcement officials who were waiting in an adjacent room to enter. As they shouted "police" and attempted to burst through the door, the door unexpectedly jammed. Rodriguez grabbed Gil–Perez's .357 magnum from his waistband and simultaneously drew his

own service revolver, pointing it at Campusano. Campusano had stopped counting the money, and had begun to withdraw his weapon, a .22 Llama automatic, from his waistband. In apparent indecision, Campusano looked from Rodriguez to the door where the officers were shouting "police" and then back to Rodriguez. Rodriguez spoke to Campusano in Spanish, identifying himself as a police officer and instructing him to drop the gun. Campusano dropped the gun on the bed as the surveillance team burst through the door.

Campusano pleaded guilty in Hampden County Superior Court to charges of trafficking in cocaine, i.e. possessing more than one hundred and less than two hundred grams of cocaine, and carrying a firearm without a Firearms Identification Card.

Approximately one month after he pleaded guilty in the state court, a federal grand jury in Springfield, Massachusetts, returned a one count indictment charging Campusano with using or carrying a firearm during the commission of a drug trafficking crime in violation of 18 U.S.C. § 924(c). At the jury trial in the federal court, Campusano claimed that he pleaded guilty in the state court only because he feared that he would be prosecuted for assault with attempt to commit murder, punishable by a possible prison term of 25 to 30 years.

At Campusano's trial in the federal court for carrying a firearm during the commission of a drug trafficking offense, his previous plea of guilty in the state court to charges of trafficking in cocaine and carrying a firearm was admitted over his objection. The district court also admitted a transcript of the colloquy that transpired between the state court judge and Campusano just prior to his plea. During this colloquy Campusano affirmatively responded to questions regarding his understanding of the significance of his plea and its voluntariness.

For his defense, Campusano relied entirely on his own testimony. On direct examination, he explained that he was offered $2,000 by Gil–Perez to accompany him to Massachusetts for the purpose of protecting Gil–Perez while he collected on a business debt. Campusano testified that he was unaware that drugs were involved. He denied hearing any mention of cocaine. On cross-examination, however, he admitted that while in the hotel room he had heard Gil–Perez talk to Rodriguez about cocaine.

On appeal, Campusano contends that 18 U.S.C. § 924(c) is unconstitutional on its face and as applied in that it removes all judicial discretion and fails to individualize sentencing. He also contends that the district court erred in admitting his state court guilty plea because the plea was made involuntarily, without full knowledge of its consequences. He further contends that the district court erred in its instruction to the jury regarding his guilty plea. Finally, he contends that the admissible evidence was insufficient to support the jury's verdict.

## II.

We turn first to Campusano's contention that the five year mandatory sentencing provision of 18 U.S.C. § 924(c)(1) is unconstitutional. Section 924(c)(1) provides in relevant part that:

"Whoever, during and in relation to any crime of violence or drug trafficking crime ... for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years...."

Campusano contends that this statute is unconstitutional because it fails to provide for individualized sentencing and it precludes discretion on the part of the trial judge, thereby violating the Fifth, Eighth and Fourteenth Amendments. We disagree.

There is no constitutional right, in non-capital cases, to individualized sentencing. Legislatures are free to provide for mandatory sentences for particular offenses. *Harmelin v. Michigan*, 111 S.Ct. 2680 (1991) (refusing to extend individual-

ized sentencing outside of the context of capital cases). The Eighth Circuit explains that:

> "In non-death penalty cases, 'the prevailing practice of individualizing sentencing determinations generally reflects simply enlightened policy rather than a constitutional imperative.' *Woodson v. North Carolina*, 428 U.S. 280, 304 (1976). Moreover, the authority to define and fix the punishment for felony convictions is 'purely a matter of legislative prerogative.' *Rummel v. Estelle*, 445 U.S. 263, 274 (1980)...."

*United States v. Goodface*, 835 F.2d 1233, 1236 (8th Cir.1987) (parallel citation omitted from quotation); *United States v. LaGuardia*, 902 F.2d 1010, 1014 (1st Cir.1990) (quoting *Lockett v. Ohio*, 438 U.S. 586, 604–05 (1978)) (Federal Sentencing Guidelines which reduce trial judge's discretion in sentencing are constitutional) ("[I]n noncapital cases, the established practice of individualized sentences rests not on constitutional commands, but on public policy enacted into statutes."). Furthermore, the mere fact that a sentence is mandatory and severe does not make it cruel and unusual within the meaning of the Eighth Amendment. *Harmelin, supra*, 111 S.Ct. 2680.

Several circuits already have upheld the constitutionality of the mandatory sentencing of § 924(c). *United States v. Hatch*, 925 F.2d 362 (10th Cir.1991); *United States v. Grinnell*, 915 F.2d 667 (11th Cir.1990); *United States v. Wilkins*, 911 F.2d 337 (9th Cir.1990); *United States v. Hamblin*, 911 F.2d 551, 555–56 (11th Cir.1990), *cert. denied*, 111 S.Ct. 2241 (1991); *United States v. Goodface*, 835 F.2d 1233, 1236 (8th Cir. 1987). We previously have upheld a mandatory minimum sentence in the context of other provisions. *See, e.g., United States v. Gillard*, 847 F.2d 21, 26–27 (1st Cir. 1988), *cert. denied*, 488 U.S. 1033 (1989) (fifteen year mandatory minimum sentence under 18 U.S.C. § 924(e) does not violate the Eighth Amendment).

We see no reason to depart from such strong precedent in this case. Appellant has been found guilty of possessing a firearm during the commission of a drug trafficking offense. Congress has established the appropriate prison term at five years. Appellant was neither denied due process nor cruelly or unusually punished.

■ Appellant also raises a claim of ineffective assistance of counsel under the Sixth Amendment. The essence of his claim is that mandatory sentencing precludes counsel from functioning at the sentencing stage of the proceedings; his argument is that "[n]othing counsel can say or do will affect the pre-ordained outcome." Although raised under the guise of an effective assistance of counsel claim, his claim actually is that he was denied the opportunity to present evidence at sentencing. As stated above, there is no constitutional right to individualized sentencing outside of the context of capital cases. *Harmelin, supra*, 111 S.Ct. 2680. Appellant's argument is without merit and warrants no further discussion.

### III.

■ We turn next to Campusano's contention that his state court guilty plea was not voluntary, since he was not aware that it could be used against him in a subsequent federal prosecution. We disagree.

### A.

■ To avoid offending due process, guilty pleas must be made intelligently and voluntarily. *Johnson v. Zerbst*, 304 U.S. 458 (1938). "A guilty plea is intelligent and knowing when the defendant is competent, aware of the charges, and advised by competent counsel." *United States v. Jordan*, 870 F.2d 1310, 1316 (7th Cir.1989); *see Brady v. United States*, 397 U.S. 742, 755–56 (1970). Guilty pleas are "voluntary" only if entered into by a defendant aware of the consequences of his plea and not induced by threats or misrepresentations. *Id.* at 748. Since there are no allegations that appellant's decision was not "intelligent", and there are no allegations of threats, the only issue that remains is whether the failure to warn appellant of a possible federal prosecution constitutes a misrepresentation that rises to the level of

invalidating the plea. *United States v. Bouthot,* 878 F.2d 1506, 1512 (1st Cir.1989); *United States v. Long,* 852 F.2d 975, 979 (7th Cir.1988).

We recently held in *Bouthot* that the prosecution is only obligated to advise defendants of the direct consequences of a guilty plea. *Bouthot, supra,* 878 F.2d at 1511. "The distinction turns on whether the consequence represents 'a definite, immediate, and largely automatic effect on the range of a defendant's punishment.'" *Id.* (quoting *Cuthrell v. Director, Patuxent Inst.,* 475 F.2d 1364, 1366 (4th Cir.), *cert. denied,* 414 U.S. 1005 (1973)). Accordingly, since the federal and state courts are separate systems, "[a] state judge, even if she is aware of the federal implications of a state conviction, is not constitutionally required to warn a defendant about his federal exposure before accepting his guilty plea." *Bouthot, supra,* 878 F.2d at 1511.

There is no indication in the instant record to support a claim that the federal prosecution under § 924(c) was a direct consequence of the state court guilty plea. The mere fact that federal agents participated in the arrest and the weapons were turned over to the federal authorities does not support a finding that the prosecution was a direct consequence. Although the state prosecutor likely was aware of a federal investigation, there is no support for the assertion that a federal prosecution necessarily would follow from the state guilty plea. *Id.* at 1512; *United States v. Jordan,* 870 F.2d 1310, 1317 (7th Cir.), *cert. denied,* 493 U.S. 881 (1989).

Alternatively, appellant may attack the plea if it was "induced by a material omission tantamount to a misrepresentation." *Bouthot, supra,* 878 F.2d at 1511. In *Bouthot* we rejected the argument that a prosecutor's failure to furnish information as to "potential" or "ongoing" investigations by other sovereigns amounted to a misrepresentation that would make a defendant's confession involuntary. *Id.* at 1512. We agree with the district court's finding that:

"Having reviewed the transcript of the plea colloquy conducted in the state court, this Court finds no evidence of misrepresentations, but rather compliance with the promises made by the state. Therefore, Campusano's guilty plea on the state charges was properly entered...."

Accordingly, we decline to hold that the state prosecutor made a misrepresentation by failing to disclose the possibility of a federal prosecution to appellant. *Id.* at 1512.

**B.**

In attempting to distinguish his case from the *Bouthot* precedent, Campusano seeks refuge in a footnote in *Bouthot* to the effect that the result might have been different if the state and federal prosecutors had "acted in concert." As acknowledged in *Bouthot,* "[a] different question would be presented if the state and federal prosecutors had acted in concert, but that issue is not before us today." *Id.* at 1512 n. 4. In support of his contention that the state and federal prosecutors were "acting in concert" in the instant case, however, Campusano can point only to the facts that both state and federal officers effectuated the arrest, the cocaine was turned over to state authorities and the weapons were turned over to federal authorities. Absent other indication in the record that the prosecutors acted in "concert", appellant's claim must fail. We hold that there is insufficient basis here to support a collateral attack on the state court guilty plea.

**IV.**

We turn now to Campusano's claim that the district court inadequately charged the jury. Campusano asserts primarily that the jury should have been told to make an initial determination of the voluntariness of his guilty plea, but he fails to provide us with any authority in support of this contention. We reject this claim.

The propriety of jury instructions is reviewed under the abuse of discretion standard. *United States v. Picciandra,* 788 F.2d 39, 46 (1st Cir.), *cert. denied,* 479 U.S.

847, *reh'g denied,* 479 U.S. 978 (1986). The instruction appellant objects to is the following:

> "The government has introduced evidence that the defendant has pleaded guilty in state court to charges arising out of the same incident about which you have heard testimony today. Because a guilty plea involves the waiver or giving up of several constitutional rights, it is essential that such a plea be made voluntarily; that is, knowingly and intelligently with a full understanding of the consequences of that plea."

Instructions which attack guilty pleas will be considered only if premised on constitutional or jurisdictional defects. *United States v. Timmreck,* 441 U.S. 780 (1979). Campusano, in attacking his plea, asserts a constitutional defect, lack of voluntariness. Since the court, not the jury, must make the initial determination regarding the voluntariness of a defendant's confession, the district court did not abuse its discretion when it failed explicitly to instruct the jury to make this determination. 18 U.S.C. § 3501(a) ("In any criminal prosecution brought by the United States or by the District of Columbia, ... the trial judge shall, out of the presence of the jury, determine any issue as to voluntariness."); *see also* 2 Wright, *Federal Practice and Procedure* § 414, at 513–15 (1982) (Congress requires federal judges to make initial determinations of voluntariness).

The jury is accorded a role by 18 U.S.C. § 3501, however, in making determinations regarding the credibility of confessions and the weight to be given them.

> "[O]nce the judge makes the preliminary finding of voluntariness, the jury does not make another independent finding on that issue. Under this procedure, the jury only hears evidence on the circumstances surrounding the confession to aid it in determining the *weight or credibility* of the confession...."

*United States v. Nash,* 910 F.2d 749, 756 (11th Cir.1990) (emphasis added) (quoting *United States v. Robinson,* 439 F.2d 553, 575 (D.C.Cir.1970) (McGowen, J., dissenting)). Accordingly, under § 3501 the court "shall instruct the jury" to give weight to the confession to the extent warranted "under all the circumstances." *United States v. Curtis,* 568 F.2d 643, 647 n. 4 (9th Cir. 1978); *see United States v. Barry,* 518 F.2d 342, 347 (2d Cir.1975). Overall, the charge given the jury in this case fairly and adequately presented the issue of credibility for the jury's consideration.

### V.

We turn, finally, to Campusano's claim that without the state court guilty plea there was insufficient evidence for a jury to have found find him guilty beyond a reasonable doubt. Since we hold that the guilty plea was properly admitted, we do not reach this issue.

### VI.

To summarize:

First, the statute under which Campusano was convicted and sentenced to a mandatory five year term of imprisonment, 18 U.S.C. § 924(c), is constitutional. Second, Campusano's state court guilty plea, based on the same incident charged in the federal indictment, was properly admitted in evidence at his trial for the federal offense. Third, the district court did not abuse its discretion in refusing explicitly to instruct the jury to make a preliminary determination as to the voluntariness of Campusano's guilty plea. Finally, there was sufficient evidence to support a guilty verdict beyond a reasonable doubt. The judgment entered on the guilty verdict returned by the jury is affirmed.

Affirmed.