967 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard MAILLETT, Defendant-Appellant.
 No. 91-10412.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 12, 1992.
Decided June 25, 1992.
 
 Before GOODWIN, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James Maillett was convicted by a jury of drug trafficking with a firearm in violation of 18 U.S.C. 924(c)(1). Prior to being charged in federal court, Maillett pleaded guilty in Nevada State Court to three methamphetamine sales. One state count, charging a fourth methamphetamine sale, was dropped pursuant to the plea agreement. Maillett's 924(c)(1) conviction was based upon that fourth methamphetamine sale. He does not dispute that he had in his possession a .32 caliber derringer when that fourth sale took place.
 
 
 3
 Maillett appeals claiming that the district court erred in ordering that his five year federal sentence run consecutive to the concurrent five year state sentences imposed for the three methamphetamine sales. Section 924(c)(1) provides in pertinent part:
 
 
 4
 Whoever, during and in relation to any crime of violence or drug trafficking crime ... for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years.... Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried.
 
 
 5
 18 U.S.C. § 924(c)(1) (emphasis added). In view of the clear language of the statute, Maillett's contention cannot be sustained. The statute unequivocally states that a section 924(c) term of imprisonment may not "run concurrently with any other term of imprisonment." This provision is not ambiguous. United States v. Hunter, 887 F.2d 1001, 1002 (9th Cir.1989).
 
 
 6
 Maillett contends that the consecutive sentence requirement does not apply in the particular circumstance of this case, where the underlying drug trafficking crime was prosecuted in state court. There is no basis for this assertion. The last sentence of the statute clearly provides that the consecutive sentence requirement applies when there is an underlying drug trafficking conviction. Maillett's state sentences are terms of imprisonment that may not be served concurrently with a section 924(c) sentence. The legislative history indicates that Congress intended a section 924(c) conviction to result in additional, consecutive punishment. See H.R.Rep. No. 1030, 98th Cong., 2d Sess. 312-13, reprinted in 1984 U.S.C.C.A.N. 3490-91. See also United States v. Campusano, 947 F.2d 1, 2 (1st Cir.1991) (sentence affirmed where mandatory sentence for drug trafficking with a firearm imposed consecutive to state court sentence).
 
 
 7
 Maillett's second contention, that his right to due process was violated by the dual prosecution in state and federal court, also fails. The sole authority for Maillett's argument, United States v. Williams, 746 F.Supp. 1076 (D.Utah 1990), has been reversed by the Tenth Circuit. United States v. Williams, No. 90-4135 (10th Cir. May 5, 1992). The appellant offers no proof that the federal prosecutor's decision to prosecute the federal weapons charge was improperly motivated, or that it was based upon an impermissible classification as a matter of constitutional law. See Wayte v. United States, 105 S.Ct. 1524, 1531 (1985).
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3