21 F.3d 420
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Amir GHAFFAR, Defendant, Appellant.
 No. 93-1711
 United States Court of Appeals, First Circuit
 April 7, 1994
 
 Appeal from the United States District Court for the District of Rhode Island [Hon. Raymond J. Pettine, Senior U.S. District Judge ]
 Loletta L. Darden on brief for appellant.
 Edwin J. Gale, United States Attorney, Gerard B. Sullivan and Margaret E. Curran, Assistant United States Attorneys, on brief for appellee.
 D.R.I.
 AFFIRMED
 Before Breyer, Chief Judge, Selya and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant, Amir Ghaffar, pled guilty to the following three counts: I) possession with intent to distribute heroin (21 U.S.C. Sec. 841(a)(1)); II) use of a firearm during a drug trafficking crime (18 U.S.C. Sec. 924(c)); and III) possession of a firearm by a felon (18 U.S.C. Secs. 922(g)). The United States District Court for the District of Rhode Island sentenced him to 70 months in prison on counts I and III, to run concurrently, and to 60 months in prison on count II, to run consecutively with the sentence imposed for counts I and III.
 
 
 2
 Ghaffar appeals the sentence on the grounds that the five- year consecutive sentence mandated by 18 U.S.C. Sec. 924(c)(1) violates his due process and Eighth Amendment rights and that the district court erred in failing to merge counts II and III for sentencing purposes. We affirm.
 
 1. Due Process and Eighth Amendment Claims
 
 3
 Ghaffar argues on appeal, for the first time, that the imposition of a five-year consecutive sentence mandated by 18 U.S.C. Sec. 924(c)(1) violates his due process rights and constitutes cruel and unusual punishment. Ghaffar did not raise these constitutional issues below, despite ample opportunity to do so. "We have repeatedly ruled, in connection with sentencing as in other contexts, that arguments not seasonably addressed to the trial court may not be raised for the first time in an appellate venue." United States v. Dietz, 950 F.2d 50, 55 (1st Cir. 1991). Therefore, we deem these constitutional claims to have been waived.
 
 
 4
 Even had the claims not been waived, however, they would not entitle Ghaffar to relief. In United States v. Campusano, 947 F.2d 1 (1st Cir. 1991), we upheld the mandatory sentencing provision of 18 U.S.C. Sec. 924(c) against claims that it precluded discretion by the sentencing court in violation of appellant's due process and Eighth Amendment rights. Id. at 3- 4.
 
 
 5
 Here, Ghaffar's argument is that the statute violates due process because it is not the "least restrictive means for accomplishing Congress' purpose." There is no support for the application of such a standard to the statute in question. Ghaffar also argues that the consecutive sentence requirement of section 924(c)(1) violates the Eighth Amendment because it imposes a penalty that is "harsher than necessary." Even if we liberally interpret this as a proportionality argument, the mandatory consecutive sentence imposed under section 924(c) does not come close to the level of disproportionality that would constitute cruel and unusual punishment. In United States v. Gilliard, 847 F.2d 21 (1st Cir. 1988), cert. denied, 488 U.S. 1033 (1989), we held that a minimum fifteen-year sentence for possession of a firearm by an habitual criminal, imposed under 18 U.S.C. Sec. 924(e), did not constitute cruel and unusual punishment. The reasoning of that opinion has equal, if not greater, force here.
 
 2. Merger of Counts II and III
 
 6
 Ghaffar's second argument on appeal is that the district court erred in sentencing him under count II (for using or carrying a firearm during or in relation to a drug trafficking offense) and count III (for possession of a firearm by a convicted felon) because both counts involved a single act: possession of a firearm. Ghaffar relies upon Ball v. United States, 470 U.S. 856 (1985) (holding that Congress did not intend punishments to be imposed for both receipt of a firearm in violation of 18 U.S.C. Sec. 922(h)(1) and possession of a firearm in violation of 18 U.S.C. App. Sec. 1202(a)(1)). Ghaffar raised this argument below. The district court, after briefing by the parties, rejected it in a Memorandum and Order dated May 14, 1993. The district court fully articulated the reasons that Ghaffar's reliance upon Ball v. United States is misplaced. We reject Ghaffar's argument for the reasons stated in the district court opinion.
 
 
 7
 The sentence imposed by the district court is summarily affirmed pursuant to Loc. R. 27.1.