**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SHERRY D. BATTLE, t/a Battle Bail
Bonding Company,
<u>Plaintiff-Appellant,</u>

v.

JOHN C. MORRISON, JR., individually
and in his official capacity as Chief
Judge, Fourth Judicial Circuit of
Virginia, Circuit Court of the City of
Norfolk; THOMAS R. MCNAMARA,
individually and in his official
capacity as Judge, Fourth Judicial
Circuit of Virginia, Circuit Court of
the City of Norfolk; ROBERT W.
STEWART, individually and in his
official capacity as Judge, Fourth

Judicial Circuit of Virginia, Circuit
Court of the City of Norfolk;
LEONARD B. SACHS, individually and in
his official capacity as Judge, Fourth
Judicial Circuit of Virginia, Circuit
Court of the City of Norfolk;
LYDIA C. TAYLOR, individually and in
her official capacity as Judge, Fourth
Judicial Circuit of Virginia, Circuit
Court of the City of Norfolk; JEROME
JAMES, individually and in his official
capacity as Judge, Fourth Judicial
Circuit of Virginia, Circuit Court of
the City of Norfolk; WILLIAM P.
RUTHERFORD, individually and in his

No. 97-1637

official capacity as Judge, Fourth
Judicial Circuit of Virginia, Circuit
Court of the City of Norfolk; CHARLES
E. POSTON, individually and in his
official capacity as Judge, Fourth
Judicial Circuit of Virginia, Circuit
Court of the City of Norfolk; ALFRED
W. WHITEHURST, individually and in
his official capacity as Judge, Fourth
Judicial Circuit of Virginia, Circuit
Court of the City of Norfolk; WILLIAM
T. RYAN, individually and in his
official capacity as Clerk, Circuit
Court of the City of Norfolk; ALBERT
TEICH, individually and in his official
capacity as Clerk, Circuit Court of the
City of Norfolk; GARY WRIGHT,
individually and in his official
capacity as Chief Deputy Clerk for
the Circuit Court of the City of
Norfolk; JOHN E. CLARKSON,
individually and in his official
capacity as Judge, Fourth Judicial
Circuit of Virginia, Circuit Court of
the City of Norfolk,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Robert E. Payne, District Judge.
(CA-96-444-2)

Submitted: February 17, 1998

Decided: March 17, 1998

Before HAMILTON, WILLIAMS, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Sa'ad El-Amin, Beverly D. Crawford, EL-AMIN & CRAWFORD,
Richmond, Virginia, for Appellant. Richard Cullen, Attorney General
of Virginia, Claude A. Allen, Deputy Attorney General, Mary E.
Shea, Assistant Attorney General, Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Sherry D. Battle appeals from the district court's orders dismissing
her 42 U.S.C. § 1983 (1994) action and denying her motion for recon-
sideration of that order pursuant to Fed. R. Civ. P. 59(e).[1] We affirm.

Battle operates Battle Bail Bonding Company, a bail bond busi-
ness, in Norfolk, Virginia. On April 4, 1994, Chief Judge Morrison,
of the circuit court of Norfolk, notified Battle of her noncompliance
with the Rules of Conduct and Procedure for Professional Bondsman
(the "Rules"), which were adopted on November 10, 1993. The Rules
require that all real estate used by bondsmen as collateral be valued

_____

[1] In her notice of appeal, Battle specifically appealed the district court's
April 21, 1997, order denying her Rule 59(e) motion, which she failed
to include in the record before this court. However, both parties, in their
briefs, address the issues ruled on by the district court in the underlying
order entered February 3, 1997. Because it appears that both parties
impliedly intended to appeal the underlying order, this court will review
the February 3 order as well as the April 21 order. See C.A. May Marine
Supply Co. v. Brunswick Corp., 649 F.2d 1049, 1056 (5th Cir. 1981).

3

at the fair market value, as determined by the City Assessor for real estate tax assessment purposes. Judge Morrison advised Battle that her collateral was less than that required by statute.[2] Judge Morrison further advised Battle that her authority as a bondsman would be suspended by April 14, 1994, unless she proffered a satisfactory explanation or posted additional collateral.

Battle requested a stay of the suspension order until May 1, 1994, asserting that the rules were improperly applied retroactively and that she was the victim of selective application. Not finding merit in Battle's arguments, Judge Morrison advised Battle that her authority as a bondsman would be suspended effective May 31, 1994. In June 1994, Battle informed Judge Morrison that the value of her original collateral had increased. The circuit judges reviewed Battle's status as a bondsman in July 1994 but again found the collateral to be insufficient.

Battle filed an action against Judge Morrison asserting affirmative abuse of power, capricious and arbitrary action, denial of equal protection, and denial of property interest. Battle sought a restraining order, injunctive and declaratory relief, monetary damages, and attorney's fees. The district court, however, abstained from resolving federal claims pending resolution of threshold issues in state court. Battle failed to file a state court action and was ordered to show cause as to why her federal action should not be dismissed, and the district court ultimately dismissed the action without prejudice. Battle then filed a Petition for Writ of Prohibition in the Supreme Court of Virginia, which was dismissed. Battle then attempted to reinstate the previously dismissed federal lawsuit, which the district court denied.

Battle then filed this action against Judge Morrison, as well as several other circuit court judges and clerks on May 6, 1996. Battle again asserted the denial of equal protection, abuse of power, capricious and arbitrary action, denial of property interest, and race discrimination.

_____

**2** On June 30, 1992, pursuant to Va. Code Ann. § 19.2-152.1 (Michie 1992), Judge Whitehurst issued a certificate allowing Battle to act as a bondsman and setting the amount of her obligation at $200,000. See Battle v. Whitehurst, 831 F. Supp. 522, 523-24 (E.D. Va. 1993), aff'd, 36 F.3d 1091 (4th Cir. 1994) (table).

4

The district court dismissed the action with prejudice, and Battle filed a Rule 59(e) motion for reconsideration. The district court denied Battle's motion for reconsideration, and Battle timely appealed.

Battle asserts that the district court erred in holding the Appellees enjoyed absolute judicial immunity and that the complaint was filed beyond the applicable statute of limitations. Judges enjoy absolute judicial immunity from damages liability for judicial acts unless done "in clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57 (1972). Court clerks are also accorded derivative judicial absolute immunity when they act in obedience to judicial order or under the court's direction. See McCray v. Maryland, 456 F.2d 1, 5 (4th Cir. 1972). The act of revoking one's bonding privileges is one normally performed by a judge. See Va. Code Ann. § 19.2-152.1 (Michie 1995 & Supp. 1997) (bonding certificate may be issued, revoked or suspended only by a judge of the court in which the bondsman is certified). Because a bonding license cannot be revoked without a hearing, the revocation of a bonding license is adjudicative in nature and therefore a judicial activity. Id. Further, we have already held, in a similar action brought by this Appellant that the revocation of a bonding license constitutes judicial action supporting judicial immunity. See Battle v. Whitehurst, No. 93-2245 (4th Cir. Sept. 8, 1994) (unpublished). We therefore find that the district court did not err in granting absolute judicial immunity to Appellees.

Battle next asserts that she filed her action within the applicable statute of limitations. Because § 1983 does not contain a limitation period, an appropriate limitation period must be borrowed from the analogous Virginia law cause of action. See Keller v. Prince Georges County, 827 F.2d 952, 955 n.2 (4th Cir. 1987). The Supreme Court has determined that the state statute governing personal injury shall apply to § 1983 actions. See Wilson v. Garcia, 471 U.S. 261, 280 (1985). Virginia has a two-year statute for personal injuries. See Va. Code Ann. § 8.01-243(A) (Michie 1992). Therefore, Battle had two years from the time her action accrued in which to bring her § 1983 action.

While the statutory limitations period for a § 1983 action is borrowed from state law, the time the action accrues is determined under federal law. See National Advertising Co. v. City of Raleigh, 947 F.2d

5

1158, 1162 (4th Cir. 1991). Under federal law, an action accrues when the plaintiff knows or has reason to know of the injury giving rise to the action. Id. Judge Morrison's April 4, 1994, letter clearly advised Battle of the pending suspension of her bonding license. Thus, Battle's claim accrued on that date, when her injuries were ascertainable and actionable. Battle filed her § 1983 claim on May 6, 1996, more than two years after her action accrued. We therefore find that the district court properly granted Appellees' motion to dismiss Battle's claims under § 1983 as barred by the statute of limitations.

We review a district court's denial of a Rule 59(e) motion for reconsideration for abuse of discretion. See Collision v. International Chem. Workers Union Local 217, 34 F.3d 233, 236 (4th Cir. 1994). There are three grounds for Rule 59(e) relief: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Id. (quoting Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993)). After reviewing the record, we find that the district court did not abuse its discretion by denying Battle's motion for reconsideration.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED