[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1827

 UNITED STATES,

 Appellee,

 v.

 RAUL ANTONIO LOPEZ-COSME, a/k/a EL MEJICANO,
 a/k/a LUIS-RAUL ANTONIO LOPEZ,

 Defendant, Appellant.
 

No. 98-1828

 UNITED STATES,

 Appellee,

 v.

 ANDRES CAPELLAN-PEREZ, a/k/a "EL MAYOR"

 Defendant, Appellant.

 APPEALS FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Jose Antonio Fuste, U.S. District Judge]

 Before

 Selya, Stahl and Lipez,
 Circuit Judges.

 Salvador Perez Mayol on brief for appellant Raul Antonio
Lopez-Cosme.
 Ignacio Fernandez de Lahongrais on brief for appellant Andres
Capellan-Perez.
 Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco,
Assistant United States Attorney, and Nelson Perez-Sosa, Assistant
United States Attorney, on brief for appellee.

September 10, 1999

 Per Curiam. In these two companion cases, appellants
challenge their convictions and/or sentences imposed following
their guilty pleas to conspiracy to distribute cocaine. See 21
U.S.C. 846. We affirm.
 I. Appeal No. 98-1827.
 Raul Antonio Lopez-Cosme challenges his sentence. 
Contrary to his suggestion, the court's imposition of the five-
year statutory mandatory minimum sentence pursuant to 21 U.S.C.
 841(b)(1)(B) did not constitute cruel and unusual punishment
or violate a right to individualized sentencing under the
Eighth Amendment. See Harmelin v. Michigan, 501 U.S. 957
(1991) (holding that sentence of life imprisonment without
parole for possessing 672 grams of cocaine did not violate the
Eighth Amendment's cruel and unusual punishment clause); United
States v. Campusano, 947 F.2d 1, 3 (1st Cir. 1991) ("There is
no constitutional right, in non-capital cases, to
individualized sentencing."). Lopez-Cosme has failed to
demonstrate that the district court erred in holding him
responsible for the amount of cocaine stipulated to in the plea
agreement. See generally United States v. Marrero-Rivera, 124
F.3d 342, 354 (1st Cir. 1997); United States v. Sanchez-Barreto,
93 F.3d 17, 25 (1st Cir. 1996), cert. denied, 519 U.S. 1068
(1997). Finally, he concedes, and we agree, that he is
ineligible for relief under the "safety valve" provision of 18
U.S.C. 3553(f) because of his criminal record. 
 Accordingly, the judgment is affirmed. See Loc. R.
27.1.
 II. Appeal No. 98-1828.
 Counsel for Andres Capellan-Perez has submitted an
Anders brief and motion to withdraw representation, asserting
that there are no meritorious issues to be raised on appeal. 
See Anders v. California, 386 U.S. 738 (1967); Loc. R.
46.4(a)(4). Counsel also moves to withdraw his statement of
issues. Capellan-Perez has filed an "opposition" to the Anders
brief in which he argues ineffective assistance of trial
counsel. 
 We agree with counsel that there was no plain error
in failing to apply the "safety valve" provision in 18 U.S.C.
 3553(f). We have carefully reviewed the record and have
found no non-frivolous issue. Capellan-Perez's ineffective
assistance of counsel argument is not properly raised on direct
appeal. See United States v. Mala, 7 F.3d 1058, 1063 (1st Cir.
1993).
 Accordingly, the motion to withdraw representation is
granted, and the judgment is affirmed. Counsel's motion to
withdraw his statement of issues is denied since we have
considered the issue raised therein. Our disposition of this
appeal is without prejudice to Capellan-Perez raising his
ineffective assistance of counsel argument in a 28 U.S.C. 
2255 petition. We express no opinion on the merits of any such
argument should a timely 2255 petition be filed.
 Affirmed.