USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1827

 UNITED STATES,

 Appellee,

 v.

 RAUL ANTONIO LOPEZ-COSME, a/k/a EL MEJICANO,
 a/k/a LUIS-RAUL ANTONIO LOPEZ,

 Defendant, Appellant.
 ____________________

No. 98-1828

 UNITED STATES,

 Appellee,

 v.

 ANDRES CAPELLAN-PEREZ, a/k/a "EL MAYOR"

 Defendant, Appellant.

 APPEALS FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Jose Antonio Fuste, U.S. District Judge]

 Before

 Selya, Stahl and Lipez,
 Circuit Judges.
 
 
 
 
 
 Salvador Perez Mayol on brief for appellant Raul Antonio
Lopez-Cosme.
 Ignacio Fernandez de Lahongrais on brief for appellant Andres
Capellan-Perez.
 Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco,
Assistant United States Attorney, and Nelson Perez-Sosa, Assistant
United States Attorney, on brief for appellee.

September 10, 1999

 
 

 
 Per Curiam. In these two companion cases, appellants
 challenge their convictions and/or sentences imposed following
 their guilty pleas to conspiracy to distribute cocaine. See 21
 U.S.C. 846. We affirm.
 I. Appeal No. 98-1827.
 Raul Antonio Lopez-Cosme challenges his sentence. 
 Contrary to his suggestion, the court's imposition of the five-
 year statutory mandatory minimum sentence pursuant to 21 U.S.C.
 841(b)(1)(B) did not constitute cruel and unusual punishment
 or violate a right to individualized sentencing under the
 Eighth Amendment. See Harmelin v. Michigan, 501 U.S. 957
 (1991) (holding that sentence of life imprisonment without
 parole for possessing 672 grams of cocaine did not violate the
 Eighth Amendment's cruel and unusual punishment clause); United
 States v. Campusano, 947 F.2d 1, 3 (1st Cir. 1991) ("There is
 no constitutional right, in non-capital cases, to
 individualized sentencing."). Lopez-Cosme has failed to
 demonstrate that the district court erred in holding him
 responsible for the amount of cocaine stipulated to in the plea
 agreement. See generally United States v. Marrero-Rivera, 124
 F.3d 342, 354 (1st Cir. 1997); United States v. Sanchez-Barreto,
 93 F.3d 17, 25 (1st Cir. 1996), cert. denied, 519 U.S. 1068
 (1997). Finally, he concedes, and we agree, that he is
 ineligible for relief under the "safety valve" provision of 18
 U.S.C. 3553(f) because of his criminal record. 
 Accordingly, the judgment is affirmed. See Loc. R.
 27.1.
 II. Appeal No. 98-1828.
 Counsel for Andres Capellan-Perez has submitted an
 Anders brief and motion to withdraw representation, asserting
 that there are no meritorious issues to be raised on appeal. 
 See Anders v. California, 386 U.S. 738 (1967); Loc. R.
 46.4(a)(4). Counsel also moves to withdraw his statement of
 issues. Capellan-Perez has filed an "opposition" to the Anders
 brief in which he argues ineffective assistance of trial
 counsel. 
 We agree with counsel that there was no plain error
 in failing to apply the "safety valve" provision in 18 U.S.C.
 3553(f). We have carefully reviewed the record and have
 found no non-frivolous issue. Capellan-Perez's ineffective
 assistance of counsel argument is not properly raised on direct
 appeal. See United States v. Mala, 7 F.3d 1058, 1063 (1st Cir.
 1993).
 Accordingly, the motion to withdraw representation is
 granted, and the judgment is affirmed. Counsel's motion to
 withdraw his statement of issues is denied since we have
 considered the issue raised therein. Our disposition of this
 appeal is without prejudice to Capellan-Perez raising his
 ineffective assistance of counsel argument in a 28 U.S.C. 
 2255 petition. We express no opinion on the merits of any such
 argument should a timely 2255 petition be filed.
 Affirmed.