UNITED STATES of America,
Plaintiff–Appellee,

v.

Kelvin E. WILKINS,
Defendant–Appellant.

No. 89–10272.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 17, 1990.

Decided Aug. 15, 1990.

Danny D. Brace, Brace & Crowdis, Sacramento, Cal., for defendant-appellant.

Nancy Simpson, Mary L. Grad, Asst. U.S. Attys., Sacramento, Cal., for plaintiff-appellee.

Before CHOY and FLETCHER, Circuit Judges, and FITZGERALD, Senior District Judge.*

FITZGERALD, Senior District Judge:

Kelvin E. Wilkins appeals his sentence, following conviction on a guilty plea, for one count of using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Wilkins contends that his mandatory five-year sentence is unconstitutional because the district court could not individualize the sentence.

Wilkins was charged with one count of possession with intent to sell marijuana in violation of 21 U.S.C. § 841(a)(1) (Count I), one count of possession of a firearm during commission of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) (Count II), and one count of possession of cocaine in violation of 21 U.S.C. § 844 (Count III). Wilkins pleaded guilty to Count II of the indictment, and the government moved to dismiss Counts I and III. On May 17, 1989, the district court sentenced Wilkins to five years imprisonment as required by 18 U.S.C. § 924(c)(1),[1] three years supervised release, and a $1,000 fine. Wilkins timely appeals. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

## I. Facts

The facts are not contested. On January 18, 1989, two agents from the Department of Alcohol, Tobacco and Firearms and one officer from the Sacramento Gang/Drug Task Force searched Wilkins' residence pursuant to a search warrant. The agents discovered approximately two ounces of marijuana and an Uzi semiautomatic 9mm assault rifle, along with its ammunition clip. The agents also discovered 1.4 grams of cocaine. After being advised of his rights, Wilkins admitted that he owned the rifle and that he was a marijuana dealer and cocaine user.

## II. Constitutionality of the Mandatory Sentence

Wilkins contends that the five-year mandatory sentence provision of 18 U.S.C. § 924(c)(1) violates the fifth amendment due process clause and the eighth amendment prohibition against cruel and unusual punishment. He argues that criminal defendants are entitled to an individualized sentencing process, and that section 924(c)(1) is unconstitutional because it precludes the exercise of discretion by the district court.

We review *de novo* the constitutionality of a federal statute. *United States v. Hutson*, 843 F.2d 1232, 1234 (9th Cir.1988).

### A. *Due Process*

Wilkins relies primarily on *United States v. Barker*, 771 F.2d 1362 (9th Cir.1985), for his contention that sentences must be individualized to meet constitutional requirements. In *Barker* the district court sentenced several defendants to the maximum penalty allowable without seriously considering the mitigating arguments made on behalf of individual defendants by both the defense and the government. *Id.* at 1366. We remanded for resentencing, holding that where the district court has discretion to individualize sentences, it must exercise that discretion and may not make a "mechanistic application" of the maximum sentence allowable for each crime. *Id.* at 1365.

■ Wilkins' reliance on *Barker* in the instant case is misplaced. "[T]he authority to define and fix the punishment for crime

---

* The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation.

**1.** 18 U.S.C. § 924(c)(1) provides in relevant part that whoever uses or carries a firearm during or in relation to commission of a drug trafficking crime shall be sentenced to five years imprisonment in addition to any sentence received for the underlying offense. Although stated as an enhancement, section 924(c)(1) defines a crime separate from the underlying drug trafficking crime and a defendant need not be separately charged or convicted of the underlying offense to be convicted under this section. *See United States v. Robertson*, 901 F.2d 733, 734 (9th Cir. 1990); *United States v. Hunter*, 887 F.2d 1001, 1003 (9th Cir.1989) (per curiam), *cert. denied,* —— U.S. ——, 110 S.Ct. 1159, 107 L.Ed.2d 1062 (1990).

is legislative." *Ex parte United States*, 242 U.S. 27, 42, 37 S.Ct. 72, 74, 61 L.Ed. 129 (1916). Criminal defendants do not have a constitutional right to individualized sentences, and the legislature may set fixed mandatory and determinate sentences for particular offenses. *See Lockett v. Ohio*, 438 U.S. 586, 604–05, 98 S.Ct. 2954, 2964–65, 57 L.Ed.2d 973 (1978) (plurality opinion) ("in noncapital cases, the established practice of individualized sentences rests not on constitutional commands, but on public policy enacted into statutes"); *United States v. Belgard*, 894 F.2d 1092, 1100 (9th Cir.1989) (noting, in the context of a challenge to the United States Sentencing Guidelines, that "Congress has the power to enact mandatory and determinate sentencing laws and to completely divest the courts of their sentencing discretion"); *United States v. Smith*, 818 F.2d 687, 691 (9th Cir.1987) (rejecting due process challenge to the mandatory special assessment statute); *see also United States v. Jacobs*, 877 F.2d 460, 462 (6th Cir.1989) (narrowness of Sentencing Guidelines sentence ranges survives due process challenge because Congress may prescribe an exact prison term for a given offense without violating due process requirements).

▮ Most challenges to mandatory sentencing schemes have involved laws which set a sentencing range beginning with a mandatory minimum prison term. Mandatory minimum sentencing schemes have been consistently upheld against constitutional challenge, even though such schemes deprive the district court of discretion to sentence below the mandatory minimum. *See, e.g., United States v. Kidder*, 869 F.2d 1328, 1334–35 (9th Cir.1989); *United States v. Ramos*, 861 F.2d 228, 231–32 (9th Cir. 1988); *United States v. Klein*, 860 F.2d 1489, 1499–1500 (9th Cir.1988). Under a mandatory minimum scheme, the district

court remains free to tailor an individual defendant's sentence within the statutorily mandated range. *See Kidder*, 869 F.2d at 1334.

▮ Here, Wilkins was convicted under 18 U.S.C. § 924(c)(1), which carries a fixed mandatory sentence of five years imprisonment.[2] Unlike the mandatory minimum schemes, this statute divests the district court of all sentencing discretion. Wilkins contends that the district court's complete lack of discretion to individualize his sentence violated his due process rights. We find his argument without merit.

As discussed above, Congress may, but need not, grant the courts discretion to individualize sentences. *See Belgard*, 894 F.2d at 1100; *Smith*, 818 F.2d at 691. Sentencing discretion may be limited by the legislature, *see Belgard*, 894 F.2d at 1100, or by the prosecutor's discretion to pursue conviction under particular statutes, *see Kidder*, 869 F.2d at 1335.[3]

Although the due process implications of a fixed-term statute raise an issue of first impression in this circuit, the Eighth Circuit has specifically held that "the mandatory sentencing provision of section 924(c) ... is consistent with due process." *United States v. Goodface*, 835 F.2d 1233, 1236 (8th Cir.1987). There, the court noted that the type and length of punishment for felony convictions is " 'purely a matter of legislative prerogative,' " *id.* (quoting *Rummel v. Estelle*, 445 U.S. 263, 274, 100 S.Ct. 1133, 1139, 63 L.Ed.2d 382 (1980)), and held that "due process is not violated merely because a statute divests the trial judge of discretion to sentence as he might wish," *id.* (citing *McMillan v. Pennsylvania*, 477 U.S. 79, 92, 106 S.Ct. 2411, 2419–20, 91 L.Ed.2d 67 (1986)).

---

**2.** Section 924(c)(1) is usually invoked as an enhancement to another sentence, and therefore generally serves to set a mandatory minimum sentence of at least five years, rather than a fixed term of five years. *See, e.g., Ramos,* 861 F.2d at 231 (section 924(c)(1) charged in addition to underlying narcotics offenses).

**3.** In this case the prosecution exercised its discretion to decline to prosecute Wilkins on two of the three originally charged offenses. Had Wilkins gone to trial, he would have been exposed to a sentence ranging from a mandatory minimum of five to eleven years. His plea bargain guaranteed that he would receive only the minimum five year sentence.

We adopt the Eighth Circuit's holding. Because there is no constitutional right to an individualized sentence and Congress may limit the federal judiciary's discretion to sentence criminal defendants, Wilkins' term of incarceration did not violate his due process rights even though the district court could not individualize that part of the sentence.[4]

### B. *Eighth Amendment*

Wilkins does not contend that his five-year sentence violates the Eighth Amendment because it is excessive or disproportionate to his offense. Rather, he argues that the fixed nature of the sentence "makes it impossible to render any meaningful judgment on whether a sentence is excessive" because a meaningful judgment requires consideration of individualized factors. Appellant's Brief at 12. This argument lacks merit.

■ The Eighth Amendment requires that "[a] criminal sentence ... be proportionate to the crime for which the defendant has been convicted." *United States v. Savinovich*, 845 F.2d 834, 839–40 (9th Cir.) (citing *Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 3009–10, 77 L.Ed.2d 637 (1983)), *cert. denied*, 488 U.S. 943, 109 S.Ct. 369, 102 L.Ed.2d 358 (1988). The proportionality analysis does not turn on a defendant's individual circumstances. Rather, when evaluating a particular penalty under the Eighth Amendment, this court considers three factors focusing on the crime and punishment: (1) the gravity of the crime and harshness of the penalty; (2) the comparison with sentences imposed for other crimes in the same jurisdiction; and (3) the comparison with sentences imposed for commission of the same crime in other jurisdictions. *Solem*, 463 U.S. at 290–92, 103 S.Ct. at 3009–11; *Klein*, 860 F.2d at 1496. Although no sentence is *per se* constitutional, "[a]s a general rule, '[i]t is for Congress to say what shall be a crime and how it shall be punished....'" *Klein*, 860 F.2d at 1495 (citation omitted); *see also Solem*, 463 U.S. at 290, 103 S.Ct. at 3009 ("[r]eviewing courts ... should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes").

■ Narcotics trafficking is a serious offense, and this court has held that a five-year minimum mandatory sentence for drug trafficking alone meets all three factors of the *Solem* analysis. *See, e.g., Kidder*, 869 F.2d at 1333–34 (upholding a five-year minimum sentence under 21 U.S.C. § 841(b)(1)(B) for possession with intent to distribute more than 500 grams of cocaine); *Ramos*, 861 F.2d at 232 (same); *Klein*, 860 F.2d at 1495–99 (same); *Savinovich*, 845 F.2d at 839–40 (same); *United States v. Kinsey*, 843 F.2d 383, 392–93 (9th Cir.) (upholding minimum 20–year sentence under 21 U.S.C. § 841(b)(1)(A) for possession with intent to distribute more than five kilograms of cocaine for defendant with a prior drug-related conviction), *cert. denied*, 488 U.S. 836, 109 S.Ct. 99, 102 L.Ed.2d 75 (1988). Sentence enhancements and mandatory minimum sentences for felons who use or possess firearms also have been deemed consistent with the Eighth Amendment. *See, e.g., United States v. Baker*, 850 F.2d 1365, 1372 (9th Cir.1988) (upholding a 15–year mandatory minimum sentence for firearm possession by a three-time felon); *see also McMillan*, 477 U.S. at 87–88, 106 S.Ct. at 2416–17 (upholding a five-year minimum sentence for felony when defendant "visibly possessed a firearm" during its commission).[5]

Here, Wilkins pleaded guilty to an offense which included both drug trafficking

---

**4.** Wilkins was also fined $1,000 pursuant to 18 U.S.C. § 3571(b)(3), which authorizes a fine up to $250,000. Although Wilkins challenges only his fixed prison sentence, we note that the district court set the fine based on the individualized factor of Wilkins' limited ability to pay "anything more than a substantial token type fine."

**5.** A sentence enhancement for possession of a firearm in connection with a drug offense "reflects the increased danger of violence when drug traffickers possess weapons." *United States v. Restrepo*, 884 F.2d 1294, 1295 (9th Cir.1989) (quoting U.S.S.G. § 2D1.1, comment. (n.3) (1988)).

and firearm possession. Because Congress can constitutionally mandate at least five years' imprisonment for this conviction, *see Klein,* 860 F.2d at 1495–99; *Baker,* 850 F.2d at 1372, Wilkins' fixed five-year sentence is not disproportionate under the Eighth Amendment, *see Goodface,* 835 F.2d at 1236–37. The Eighth Amendment does not require that we or the district court consider Wilkins' individual circumstances before determining whether his sentence is excessive. *See Solem,* 463 U.S. at 290–92, 103 S.Ct. at 3009–11 (three factors that guide proportionality analysis are objective).

Wilkins' sentence is constitutionally sound.

AFFIRMED.