UNITED STATES of America, Plaintiff–Appellee,

v.

James HATCH, Defendant–Appellant.

No. 89–4148.

United States Court of Appeals, Tenth Circuit.

Feb. 7, 1991.

David J. Schwendiman, Asst. U.S. Atty., Salt Lake City, Utah (Dee Benson, U.S. Atty., with him on the brief), for plaintiff-appellee.

Isaac B. Morley, Salt Lake City, Utah, for defendant-appellant.

Before SEYMOUR and EBEL, Circuit Judges, and BROWN *, District Judge.

SEYMOUR, Circuit Judge.

James Hatch was convicted of bank robbery in violation of 18 U.S.C. § 2113(a) (1988), and of carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (1988). Hatch was sentenced to one month on the section 2113(a) violation, after a downward

---

* Honorable Wesley E. Brown, District Judge, United States District Court for the District of Kansas, sitting by designation.

departure, and to the mandatory sixty month sentence on the section 924(c) violation. Hatch contends that the sentencing guidelines violate his due process rights, and that the mandatory sentence imposed by section 924(c) is unconstitutional. We affirm.

### I.

Hatch challenges the Sentencing Guidelines and the Sentencing Reform Act under which the Guidelines were promulgated as violative of due process in three regards. He asserts that the sentencing procedure impermissibly limits the court's consideration of the circumstances relevant to the particular case, impermissibly precludes defendants from demonstrating to the judge through relevant evidence that a sentence below the guideline range is appropriate, and unlawfully allows the prosecutor and/or the Sentencing Commission, rather than the judge, to determine the sentence. These exact arguments in virtually identical language were presented to this court and rejected in *United States v. Thomas*, 884 F.2d 540 (10th Cir.1989), which Hatch does not cite even though it was handed down over a year before he filed his brief. Accordingly, Hatch's due process attack on the Guidelines is patently frivolous.

### II.

Hatch also contends that the mandatory sentence imposed by section 924(c) violates his constitutional rights. Although he couches his argument in terms of disproportionality violative of the Eighth Amendment under *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), the gravamen of his contention is not that the sentence is disproportionate to the crime, but that the sentence is disproportionate in this case because the mandatory term removes the judge's sentencing discretion. Hatch is in substance attacking the mandatory sentence on due process grounds.

The circuits which have specifically addressed this argument have rejected it. *See United States v. Hamblin*, 911 F.2d 551, 555–56 (11th Cir.1990); *United States v. Wilkins*, 911 F.2d 337, 339–40 (9th Cir. 1990); *United States v. Goodface*, 835 F.2d 1233, 1236–37 (8th Cir.1987). These opinions base their decisions on Supreme Court cases stating that "the authority to define and fix the punishment for felony convictions is 'purely a matter of legislative prerogative,'" *Goodface*, 835 F.2d at 1236 (quoting *Rummel v. Estelle*, 445 U.S. 263, 274, 100 S.Ct. 1133, 1139, 63 L.Ed.2d 382 (1980)), and that "'the prevailing practice of individualizing sentencing determinations generally reflects simply enlightened policy rather than a constitutional imperative,'" *id.* (quoting *Woodson v. North Carolina*, 428 U.S. 280, 304, 96 S.Ct. 2978, 2991, 49 L.Ed.2d 944 (1976)); *see also Hamblin*, 911 F.2d at 555 (quoting *Goodface*); *Wilkins*, 911 F.2d at 339 (same).

We find this authority persuasive. The Supreme Court has clearly indicated that a mandatory minimum sentence which dictates the precise weight a particular factor must be given is not unconstitutional. *See McMillan v. Pennsylvania*, 477 U.S. 79, 84–91, 106 S.Ct. 2411, 2515–19, 91 L.Ed.2d 67 (1986). Accordingly, we conclude that the mandatory sentence imposed by section 924(c) does not deny due process.

AFFIRMED.