974 F.2d 1346
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Carey COOK, Defendant-Appellant.
 No. 92-2057.
 United States Court of Appeals, Tenth Circuit.
 Aug. 18, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Charles Carey Cook appeals the denial of his motion for correction of his sentence under 28 U.S.C. § 2255. The only issue on appeal is whether the trial court erred in ruling that he could not reduce defendant's sentence under 18 U.S.C. § 924(c)(1) because of defendant's outstanding record of military service.
 
 
 3
 Section 924(c)(1) requires a five year enhancement of a drug sentence for use of a dangerous weapon in connection with a drug crime. The statute requires that
 
 
 4
 [n]otwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried.
 
 
 5
 The district court apparently did reduce defendant's sentence on the underlying substantive crime for his exemplary military record, but did not do so on the five year enhancement because the judge believed he had no power to do so. In that respect the judge quite correctly read the clear mandatory terms of the statute. See United States v. Hatch, 925 F.2d 362, 363 (10th Cir.1991) (referring to § 924(c) sentences as mandatory). The district court's authority to depart downward from a statutory minimum sentence is limited to the circumstances provided for in 18 U.S.C. § 3553(e) and requires a motion by the government. United States v. Horn, 946 F.2d 738, 745 (10th Cir.1991); see also United States v. Tannis, 942 F.2d 196, 198 (3d Cir.1991).
 
 
 6
 AFFIRMED.
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3