981 F.2d 1252
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Reginald James JOHNSON, Defendant-Appellant.
 No. 92-5226.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 30, 1992
Decided: December 16, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph C. Howard, District Judge. (CR-91-248-JH)
 David E. George, David E. George, P.C., Silver Spring, Maryland, for Appellant.
 Richard D. Bennett, United States Attorney, Richard C. Kay, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 Affirmed.
 Before WILKINS and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Reginald James Johnson entered a guilty plea to one count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C.A. § 846 (West Supp. 1992), and one count of using and carrying a firearm during the commission of a felony in violation of 18 U.S.C.A. § 924(c) (West Supp. 1992). Johnson received a thirty-three month sentence on count one, and a mandatory sixty-month sentence on count two, to run consecutive to the first sentence.
 
 
 2
 On appeal, Johnson asserts that the mandatory sentence provided in § 924(c) violates the Due Process Clause and the Eighth Amendment. His claims are meritless. First, the Due Process Clause does not forbid mandatory sentences. Congress has the authority to fix sentences for federal crimes, Mistretta v. United States, 488 U.S. 361, 364 (1989), and "due process is not violated merely because a statute divests the district court of the discretion to sentence as he might wish." United States v. Goodface, 835 F.2d 1233, 1236 (8th Cir. 1981). Moreover, every circuit that has considered this issue has found § 924(c) constitutional. See United States v. Dumas, 934 F.2d 1387, 1389 (6th Cir. 1991); United States v. Hatch, 925 F.2d 362, 363 (10th Cir. 1991); United States v. Wilkins, 911 F.2d 337, 339 (9th Cir. 1990); United States v. Hamblin, 911 F.2d 551, 555 (11th Cir. 1990); United States v. Goodface, supra.
 
 
 3
 Johnson's Eighth Amendment argument is that the five-year penalty is out of proportion to his crime and cooperation with the authorities. See Solem v. Helm, 463 U.S. 277 (1983). However, we have determined that extensive proportionality analysis is only applicable to those cases involving life sentences without parole. United States v. Thomas, 900 F.2d 37, 39 (4th Cir. 1990). See also Harmelin v. Michigan, 59 U.S.L.W. 4839 (U.S. 1991) (proportionality only forbids extreme sentences that are grossly disproportionate to the crime).
 
 
 4
 Thus, Johnson's five-year sentence is not subject to strict proportionality review. As a result, his five-year mandatory sentence does not violate the Eighth Amendment.
 
 
 5
 In conclusion, we find that Johnson's sentence to a consecutive five-year term for violating § 924(c) is constitutional under the Fifth and Eighth Amendments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED