996 F.2d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Dwight Lee ANDERSON, Defendant-Appellant.
 No. 92-1253.
 United States Court of Appeals, Tenth Circuit.
 June 7, 1993.
 
 Before EBEL, Circuit Judge, RONEY, Senior Circuit Judge,* and KELLY, Circuit Judge.
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 On January 29, 1991, the defendant-appellant was arrested for selling crack cocaine by state law enforcement officers. At the time of the arrest, two ounces of cocaine were found in a black canvas bag discarded by the defendant and a .25 caliber handgun was found in the defendant's jacket pocket. The gun had bullets in the magazine but no bullets in the chamber.
 
 
 2
 Initially, the defendant was charged only with a violation of state law. After the defendant failed to cooperate with state officials, however, federal charges were brought against the defendant for possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1),[1] and use of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c).[2] Following the defendant's indictment on the federal charges, the state charges against the defendant were dismissed. The defendant eventually pled guilty to the federal charges and received consecutive sentences of 75 months on the possession count and 60 months on the firearm count.[3] The defendant now appeals and we affirm.
 
 
 3
 The defendant first argues that § 924(c)'s five-year mandatory sentence violates the Eighth Amendment's prohibition against cruel and unusual punishments because it eliminates the sentencing judge's discretion. We recently rejected this argument in United States v. Hatch, 925 F.2d 362 (10th Cir.1991). See also United States v. Campusano, 947 F.2d 1, 3-4 (1st Cir.1991); United States v. Hamblin, 911 F.2d 551, 555-56 (11th Cir.1990), cert. denied sub nom Jones v. United States, 111 S.Ct. 2241 (1991); United States v. Wilkins, 911 F.2d 337, 338-41 (9th Cir.1990); United States v. Goodface, 835 F.2d 1233, 1236-37 (8th Cir.1987). In Hatch, we concluded that " 'the prevailing practice of individualizing sentencing determinations generally reflects simply enlightened policy rather than a constitutional imperative,' " and therefore, that "a mandatory minimum sentence which dictates the precise weight a particular factor must be given is not unconstitutional." 925 F.2d at 363 (quoting Woodson v. North Carolina, 428 U.S. 280, 304 (1976)).
 
 
 4
 The defendant next argues that the imposition of the federal prosecution after commencement of the state prosecution violated his Fifth Amendment right to due process and his Sixth Amendment right to a fair trial. However, absent proof that the choice to prosecute in a federal forum was motivated by "an impermissible classification as a matter of constitutional law" or a desire to deter "[the] exercise of a legal right," this choice lies entirely within the discretion of the prosecutor. United States v. Morehead, 959 F.2d 1489, 1498, 1499 (10th Cir.), aff'd on reh'g sub nom United States v. Hill, 971 F.2d 1461 (1992); accord United States v. Williams, 963 F.2d 1337, 1341-42 (10th Cir.1992); United States v. Bohrer, 807 F.2d 159, 161 (10th Cir.1986). In the instant case, there is no evidence that the defendant's federal prosecution was based on race or other impermissible reasons. At best, the evidence demonstrates only that the federal prosecution was commenced when the defendant refused to cooperate with the government. Such a motive, given the presence of probable cause to prosecute, does not portend the type of prosecutorial vindictiveness with which the Fifth and Sixth Amendments are concerned. United States v. Boss, 652 F.2d 36, 38 (10th Cir.1981) ("When the party refuses to cooperate, prosecution based upon probable cause to believe the defendant committed the crime charged, does not present the likelihood of vindictiveness found in Perry and related cases."); see also Corbitt v. New Jersey, 439 U.S. 212, 223 (1978).[4]
 
 
 5
 Finally, the defendant argues that his federal prosecution violated 28 U.S.C. § 1446 because it failed to comply with the procedures set forth in this provision for removing a case from state to federal court. However, the defendant's federal prosecution was not a continuation of the state prosecution but rather an independent action commenced by the federal government. Accordingly, since no removal of the state prosecution occurred, § 1446 is inapplicable to the instant case.
 
 
 6
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Paul H. Roney, Senior Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 21 U.S.C. § 841(a)(1) provides in relevant part:
 [I]t shall be unlawful for any person knowingly or intentionally ... to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.
 
 
 [2]
 18 U.S.C. § 924(c) provides in relevant part:
 (1) Whoever, during and in relation to any crime of violence of drug trafficking crime for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years....
 
 
 [3]
 The defendant was originally charged with two counts of possession but one count was dropped in exchange for his plea on the second possession count and the firearm count
 
 
 [4]
 The defendant does not contend that the United States lacked probable cause to charge the defendant under 21 U.S.C. § 841(a) or 18 U.S.C. § 924(c)