73 F.3d 371
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Keith Alan ROBINSON, Defendant-Appellant.
 No. 95-10096.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 8, 1995.*
Decided Dec. 22, 1995.
 
 Before: BROWNING, CANBY, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I. Motion to Suppress[1]
 
 2
 Persons who voluntarily abandon property lack standing to complain of its seizure or search. United States v. Gilman, 684 F.2d 616, 619 (9th Cir.1982). The district court's finding of abandonment was supported by the evidence. Standing may exist if there is a nexus between unlawful police conduct and abandonment of the property, id. at 620, but Robinson failed to establish that a Fourth Amendment violation precipitated the abandonment. Since Robinson did not submit to the agents' initial coercive show of authority, no seizure occurred prior to the abandonment. United States v. Hernandez, 27 F.3d 1403, 1406 (9th Cir.1994) ("A seizure occurs either when a suspect is physically forced to stop or when the suspect submits to the officer's show of authority."). There is no nexus between an unlawful detention and an abandonment if the abandonment precedes the detention. See California v. Hodari D., 499 U.S. 621 (1991).
 
 II. Evidence of the Livermore Events
 
 3
 The district court did not abuse its discretion under Federal Rule of Evidence 403 by admitting evidence of the Livermore events. The evidence was probative of Robinson's relationship to the other coconspirators and the group's possession of items that could be used to facilitate a bank robbery. The district court correctly determined the evidence was not cumulative, and excluded those portions of the testimony it found too prejudicial.
 
 
 4
 Nor did the evidence violate Rule 404(b). The evidence was not used to prove character or propensity. The Livermore incident was alleged in the Third Superceding Indictment as an overt act and was part of the charged offense. United States v. Baker, 10 F.3d 1374, 1413-14 (9th Cir.1993).
 
 III. Leadership Role
 
 5
 The district court's findings that Robinson was the leader of the bank robberies are not clearly erroneous. The court considered the evidence as to each robbery for which an enhancement had been recommended, heard argument, and reviewed the record. The record established that Robinson chose the banks, recruited and trained the participants, planned the robberies, "cased" the banks, and maintained surveillance while the robberies were in progress. It is not a defense that other coconspirators participated in leadership activity; "[t]here can ... be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy." U.S.S.G. Sec. 3B1.1, comment (n. 4) (Nov. 1994).
 
 
 6
 IV. Consecutive Sentences Under 18 U.S.C. Sec. 924(c)
 
 
 7
 Whether Robinson personally carried a weapon is irrelevant. Actual knowledge that guns were used by codefendants is enough when, as in this case, there was sufficient evidence to permit the trier of fact to find Robinson had aided and abetted his codefendants in the use of firearms. United States v. Johnson, 886 F.2d 1120, 1124 (9th Cir.1989).
 
 
 8
 Robinson's argument that section 924(c) impermissibly strips the trial court of sentencing discretion has been rejected. United States v. Wilkins, 911 F.2d 337, 339 (9th Cir.1990). Robinson's claim that his sentence amounts to cruel and unusual punishment also lacks merit. Sentence enhancements under section 924(c) are consistent with the Eighth Amendment. Id. at 340. The fact that Robinson was tried and sentenced in one proceeding for the many offenses he committed does not render the sentence unconstitutional. See Deal v. United States, 113 S.Ct. 1993, 1999 (1993) (upholding 105-year sentence based in part on convictions under section 924(c)); United States v. Aiello, 864 F.2d 257, 265 (2nd Cir.1988) ("Eighth Amendment analysis focuses on the sentence imposed for each specific crime, not on the cumulative sentence.").
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject Robinson's suggestion that his prosecution should have been dismissed because of an illegal arrest. United States v. Sanchez-Rodriguez, 475 F.2d 61, 63-64 (9th Cir.1973) ("An illegal arrest does not a fortiori preclude prosecution and conviction.")