FILED
**United States Court of Appeals**
**Tenth Circuit**

**October 12, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JAIME HUMBERTO GARCIA-
FUENTES,

      Defendant - Appellant.

No. 06-1453

(D. Colorado)

(D.C. No. 04-cr-00471-WDM)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Defendant Jaime Humberto Garcia-Fuentes pleaded guilty to possession

with intent to distribute 50 grams or more of methamphetamine. *See* 21 U.S.C.

§ 841(a)(1) and (b)(1)(B)(viii). The district court sentenced him to a statutory

mandatory minimum 60 months' imprisonment, followed by 4 years' supervised

release. On appeal his court-appointed counsel filed an *Anders* brief and moved

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the party's request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967). Defendant Garcia-Fuentes was given until May 18, 2007, to file a response to counsel's brief, but did not do so. We sua sponte extended his time to respond to June 29, 2007, but again he failed to respond. The government declined to file a brief. We grant counsel's motion to withdraw and dismiss the appeal.

On November 15, 2004, a grand jury from the United States District Court for the District of Colorado handed down a two-count indictment against Defendant Garcia-Fuentes. Count One charged him with possession with intent to distribute 50 grams or more of a substance containing methamphetamine; Count Two charged him with unlawful reentry of a deported alien. *See* 8 U.S.C. § 1326(a)(2). Under a plea agreement with the government Defendant Garcia-Fuentes agreed to plead guilty to Count One; in return the government agreed to seek no additional charges and to dismiss Count Two. Defendant Garcia-Fuentes and the government stipulated under Federal Rule of Criminal Procedure 11(c)(1)(C) to a sentence of not more than 60 months' imprisonment.

On June 16, 2006, Defendant Garcia-Fuentes entered his plea. In the plea agreement he admitted to the following description of the offense: On October 30, 2004, he received a phone call from Jerry Padilla seeking four ounces of methamphetamine for resale to a person who turned out to be an undercover officer. After a series of phone calls the parties agreed that Padilla and Defendant Garcia-Fuentes would meet at Michael Pagel's house and then proceed to a

prearranged location to sell the drugs to the undercover officer. At Pagel's house Defendant Garcia-Fuentes gave Padilla the four ounces of methamphetamine wrapped in a baby diaper. The three men then proceeded to the prearranged location; Padilla rode with Pagel, and Defendant Garcia-Fuentes followed. At the designated location Pagel and Padilla sold the drugs to the undercover officer for $5,000 and were immediately arrested. Upon Padilla and Pagel's arrest, Defendant Garcia-Fuentes left the scene. He was later stopped and his vehicle searched. The searching officers discovered baby diapers identical to the one enclosing the drugs. Padilla and Pagel admitted their guilt, and Padilla implicated Defendant Garcia-Fuentes.

The district court, in accordance with the plea agreement, sentenced Defendant Garcia-Fuentes to the statutory minimum 60 months' imprisonment and 4 years' supervised release. Defendant Garcia-Fuentes filed a pro se appeal.

In *Anders* the Supreme Court held that a court-appointed defense counsel may "request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). To this end, counsel must

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after

such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*Id.* (citations omitted).

In his *Anders* brief Defendant Garcia-Fuentes's counsel contends that there is no legally cognizable issue on appeal. Defendant Garcia-Fuentes has not filed a response. We can discern no meritorious issues for appeal. Based on the admissions by Defendant Garcia-Fuentes, the district court could not have imposed a lower sentence. *See United States v. Payton*, 405 F.3d 1168, 1173 (10th Cir. 2005) ("no constitutional error in sentencing . . . [to] the mandatory minimum sentence"). And both the plea agreement and the plea colloquy show that Defendant Garcia-Fuentes's guilty plea was entered knowingly, voluntarily, and intelligently. *See United States v. Hurlich*, 293 F.3d 1223, 1230 (10th Cir.2002) ("A defendant's guilty plea must be knowing, voluntary, and intelligent.").

We GRANT counsel's motion to withdraw and DISMISS this appeal.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

-4-