FILED
United States Court of Appeals
Tenth Circuit

August 15, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JORGE MUNOZ-CHAVEZ,

Defendant-Appellant.

No. 07-2288

(D. of N.M.)

(D.C. No. 07-CR-01292-BB-1)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

Jorge Munoz-Chavez pleaded guilty in federal court to the following three counts: (1) conspiracy to possess with intent to distribute 100 kilograms or more of marijuana, (2) possession with intent to distribute 100 kilograms or more of marijuana, and (3) reentry of a removed alien. He was sentenced to a total of 120 months in prison. After Munoz-Chavez filed a timely notice of appeal, his

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

counsel filed an *Anders*[1] brief and moved to withdraw his representation. Munoz-Chavez did not file any materials on his own behalf. Because we agree that Munoz-Chavez has no meritorious claims on appeal, we GRANT his counsel's request to withdraw, and AFFIRM the sentence imposed by the district court.

## I. BACKGROUND

Prior to sentencing, the probation office completed a presentence investigation report (PSR) for Munoz-Chavez's case. The PSR concluded Munoz-Chavez had a total offense level of 23 and a criminal history category of IV. Based on this offense level and criminal history, the PSR calculated a United States Sentencing Guidelines (USSG) range of 70 to 87 months. The PSR concluded, however, that 21 U.S.C. § 841(b)(1)(B) imposed a mandatory minimum sentence of 120 months in prison.[2] The district court adopted the PSR without change and sentenced Munoz-Chavez to 120 months in prison.[3]

## II. DISCUSSION

On appeal, Munoz-Chavez argues the district court should have imposed a Guidelines sentence of between 70 and 87 months, rather than the mandatory

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

[2] USSG § 5G1.1(b) (2006) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

[3] Specifically, the court sentenced him to a term of 120 months for counts 1 and 2, and a term of 70 months for count 3. These terms run concurrently, for a total of 120 months in prison.

minimum sentence of 120 months. We review a federal criminal sentence for reasonableness, giving deference to the district court under "the familiar abuse-of-discretion standard." *Gall v. United States*, 128 S. Ct. 586, 594 (2007). But we review a court's interpretation of statutes and the Guidelines de novo. *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).

We agree with Munoz-Chavez's counsel that there are no non-frivolous grounds on which to challenge the sentence. First, the district court properly concluded the provision of 21 U.S.C. § 841(b)(1)(B) requiring a minimum ten-year sentence applies in this case. Section 841(b)(1)(B)(vii) prescribes a sentencing range for defendants guilty of possessing with intent to distribute 100 kilograms or more of marijuana. Under this section, a defendant must be sentenced to a minimum of 120 months in prison if the defendant committed the offense after a prior conviction for a felony drug offense had become final.

Here, Munoz-Chavez pleaded guilty to violating § 841(b)(1)(B)(vii). Furthermore, he had previously pleaded guilty to possessing with intent to distribute 50 kilograms or more of marijuana. And this previous felony conviction became final before he committed the offense at issue in this appeal. Therefore, the district court did not err in concluding the ten-year mandatory minimum provision applies to Munoz-Chavez.

Second, Munoz-Chavez does not have any non-frivolous grounds to challenge the constitutionality of § 841(b)(1)(B). We have unequivocally held

mandatory minimum sentences are constitutional. *See, e.g.*, *United States v. Harris*, 447 F.3d 1300, 1307 (10th Cir. 2006) ("*Booker*[4] does not preclude a court from imposing a statutory minimum established by Congress based on a defendant's record of prior convictions."); *United States v. Hatch*, 925 F.2d 362, 363 (10th Cir. 1991) (rejecting defendant's argument that mandatory minimum sentences violate the Eighth Amendment or the Due Process Clause of the Fifth Amendment).

Third, Munoz-Chavez is not eligible for statutorily-authorized relief from his mandatory minimum sentence. Under certain limited circumstances, a district court may impose a Guidelines-range sentence, rather than a mandatory minimum sentence, for violations of 21 U.S.C. § 841. *See* 18 U.S.C. § 3553(f). To be eligible for this exception, the defendant must not "have more than one criminal history point, as determined under the sentencing guidelines." *Id.* § 3553(f)(1). Here, Munoz-Chavez has a total of seven criminal history points. Because Munoz-Chavez is not eligible for this exception, the district court did not err in imposing the ten-year mandatory minimum sentence.

---

[4] *United States v. Booker*, 543 U.S. 220 (2005).

### III. CONCLUSION

After a careful review of the record, we conclude Munoz-Chavez has no meritorious claims on appeal. We therefore GRANT counsel's request to withdraw and AFFIRM the sentence imposed by the district court.

Entered for the Court,


Timothy M. Tymkovich
United States Circuit Judge