*554 MEMORANDUM **
Abisai Mesa Hernandez appeals from the the district court’s determination, following this court’s remand pursuant to United States v. Moreno-Hernandez, 419 F.3d 906, 916 (9th Cir.2005), that it would not have imposed a materially different sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
Hernandez contends that, on remand, the district court applied the Sentencing Guidelines in a mandatoi’y fashion and failed to consider the other factors contained in 18 U.S.C. § 3553(a). However, the record shows that the district court “properly understood the full scope of [its] discretion in a post-Booker world.” See United States v. Combs, 470 F.3d 1294, 1297 (9th Cir.2006).
In addition, Hernandez asserts that the district court’s consideration of the statutory mandatory minimum resulted in a lack of an individualized sentencing determination that violated his due process rights. This contention, however, is foreclosed. See United States v. Labrada-Bustamante, 428 F.3d 1252, 1265 (9th Cir. 2005) (noting that this court has repeatedly rejected constitutional challenges to mandatory minimum sentencing statutes); see also United States v. Wilkins, 911 F.2d 337, 339 (9th Cir.1990) (rejecting due process challenge to mandatory minimum statute).
Hernandez’s contention that the district court erred in determining that he was not eligible for the safety valve exception under 18 U.S.C. § 3553(f) is foreclosed because Hernandez “could have raised [this issue] the first time around, but failed to do so.” Combs, 470 F.3d at 1297. In any event, Hernandez failed to satisfy his burden before the district court of demonstrating safety-valve eligibility. See United States v. Ajugwo, 82 F.3d 925, 929 (9th Cir.1996). Indeed, he conceded at his original sentencing hearing that he was not eligible for the safety valve exception.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.