FILED
United States Court of Appeals
Tenth Circuit

May 3, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

OMAR RASCON-OTERO,

Defendant-Appellant.

No. 09-1437

(D. Colo.)

(D.C. No. 1:08-CR-00527-MSK-1)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **PORFILIO** and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

After Omar Rascon-Otero pleaded guilty to a controlled substance violation, the district court sentenced him to the statutory minimum sentence of 120 months' imprisonment. Although Mr. Rascon-Otero appeals his conviction

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and sentence, his attorney has filed an *Anders* brief and moved for permission to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967). For the reasons set forth hereafter, we grant counsel's motion to withdraw and dismiss this appeal. *Id.*

## I. BACKGROUND

Omar Rascon-Otero pleaded guilty to one count of conspiracy to possess with the intent to distribute more than five kilograms of a mixture or substance containing cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii) and § 846. He also admitted that he should forfeit all property and proceeds used to commit or facilitate the controlled substance violation. *See* 21 U.S.C. § 853(a)(1).

During the change of plea hearing, the district court judge explained, through an interpreter, that Mr. Rascon-Otero's conviction would carry with it a statutory minimum sentence of 120 months' imprisonment. The government stated that it would be willing to make a recommendation for a generous downward departure under section 5K of United States Sentencing Guidelines, as it believed Mr. Rascon-Otero had "information that he could share" regarding his drug conviction and any related conspiracy. Rec. vol. 2, at 29. However, the government and Mr. Rascon-Otero's counsel agreed and understood that Mr. Rascon-Otero chose not to divulge the information because he believed doing so would endanger his family.

The plea transcript indicates that Mr. Rascon-Otero entered his plea knowingly, intelligently, and voluntarily pursuant to the requirements of Rule 11 of the Federal Rules of Criminal Procedure. During the plea colloquy prior to the entry of his guilty plea, the court specifically established that Mr. Rascon-Otero was competent, that he was satisfied with his counsel, that he was pleading without coercion, that he was aware of the charges against him and the range of punishment, and that he knew what trial rights he waived by pleading guilty.

The presentence report (PSR) calculated a base offense level of 32. The level was increased by two levels for possession of a firearm, and reduced by three levels for acceptance of responsibility, for a total offense level of 31. With a criminal history category of I, the PSR recommended a guidelines imprisonment range of 120 months to 135 months.

During the sentencing hearing, the district court confirmed that Mr. Rascon-Otero and counsel had adequate time to review the PSR. No party raised a factual objection, nor was there a request for a departure or variance. The government and Mr. Rascon-Otero's counsel urged the court to impose the 120-month mandatory minimum sentence. The district court considered the objectives and the factors set out in 18 U.S.C. § 3553(a), and imposed a 120-month sentence, followed by five years' supervised release, with the mandatory special assessment of $100. The court opted to impose no fine.

Mr. Rascon-Otero filed a pro se motion for reconsideration, which was denied, and also filed a pro se notice of appeal.

## II. DISCUSSION

Mr. Rascon-Otero's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, and has moved for leave to withdraw as counsel. *Anders* holds that "if counsel finds [an indigent defendant's] his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Id.* at 744. Counsel's request to withdraw must "be accompanied by a brief referring to anything in the record that might arguably support the appeal," and a copy of this brief must be served on the client. *Id.*

Mr. Rascon-Otero's appointed counsel served his *Anders* brief upon Mr. Rascon-Otero, and we afforded him an opportunity to submit arguments in response. *See id.* However, Mr. Rascon-Otero has not filed a pro se brief in this court, and the government has declined to file an answer brief. Accordingly, our duty is to "conduct a full examination of the record to determine whether [the] defendant's claims are wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). If they are, we may grant counsel's motion to withdraw and dismiss the appeal.

Our review of the *Anders* brief, and of the record reveals no legitimate bases for appeal. Our review indicates that this appeal could conceivably have

merit only if (1) Mr. Rascon-Otero's guilty plea was involuntary or otherwise invalid. (2) Similarly, he might allege that because his plea was involuntary, his resulting sentence was illegal. Counsel also suggests he might (3) challenge his sentence on other grounds, including that he should have received a downward departure. Finally, (4) Mr. Rascon-Otero, in a pro se filing in the district court, suggested that his counsel was ineffective. We reject all of these claims.

**(1)&(2) The plea was valid and the resulting sentence was legal.**

A court must determine that a plea "is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." Fed. R. Crim. P. 11(b)(2). We have reviewed the transcripts and are satisfied that the district court complied with Rule 11. Mr. Rascon-Otero stated that he had not received any promises or assurances for entering the plea, and that he fully understood the plea agreement and the mandatory minimum and maximum penalty he might receive for entering the plea. There is no indication that Mr. Rascon-Otero's plea was involuntary. After fully examining the record, we agree with counsel that there is no basis in law or fact for either of these arguments.

**(3) Mr. Rascon-Otero's sentence was reasonable**.

Mr. Rascon-Otero pleaded guilty to violating § 841(a)(1), (b)(1)(A)(ii) and § 846. The district court did not err in concluding the ten-year mandatory minimum provision applies to Mr. Rascon-Otero. *See United States v. Payton*, 405 F.3d 1168, 1173 (10th Cir. 2005) (holding "there was no non-constitutional

*Booker* error in sentencing [defendant because] . . . the district court had no discretion under the statute to do other than impose the mandatory minimum sentence"). Mr. Rascon-Otero does not have any non-frivolous grounds to challenge the constitutionality of § 841(b)(1)(B). We have unequivocally held mandatory minimum sentences are constitutional. *See, e.g., United States v. Hatch*, 925 F.2d 362, 363 (10th Cir. 1991) (rejecting defendant's argument that mandatory minimum sentences violate the Eighth Amendment or the Due Process Clause of the Fifth Amendment).

Additionally, Mr. Rascon-Otero was not entitled to a downward departure. As the *Anders* brief explains, Mr. Rascon-Otero might only be eligible for a downward departure if he met the "substantial assistance" and/or "safety valve" exceptions. *See* 18 U.S.C. § 3553(e); (f). Because Mr. Rascon-Otero was unwilling to provide information, the government did not seek a substantial assistance downward departure under § 3553(e). And, similarly, because Mr. Rascon-Otero did not provide information to the court related to his offense and the related conspiracy, he could not qualify for the safety valve exception under § 3553(f)(5).

We note that Mr. Rascon-Otero's pro se filings in the district court requested a "shorter sentence" because he was a first-time offender, and because he needed to support his young children. Rec. vol. 1, at 104. At sentencing, Mr. Rascon-Otero's counsel urged the district court to sentence at the low end of the

guideline range (which the district court did). The district court sentenced Mr. Rascon-Otero to 120 months, the statutory minimum, which is not susceptible to the district court's discretionary reduction. *See Payton*, 405 F.3d at 1173. Thus, Mr. Rascon-Otero can raise no meritorious challenge to his sentence for our review.

**(4) Mr. Rascon-Otero's ineffective assistance of counsel claim should be brought in a collateral proceeding.**

In his pro se filing, Mr. Rascon-Otero also suggested that his counsel was ineffective. *See* Rec. vol. 1, at 106. Generally, "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995). As a result, we decline to consider Mr. Rascon-Otero's ineffective assistance of counsel claim on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) (holding "in most cases a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective assistance").

### III. CONCLUSION

After our review of the record, we agree with Ms. Rascon-Otero's lawyer that there is no colorable basis for appeal. Accordingly, we GRANT counsel's motion to withdraw and DISMISS this appeal.

.                                          Entered for the Court,


                                           Robert H. Henry, Circuit Judge


-7-