FILED
United States Court of Appeals
Tenth Circuit

February 18, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENMTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GARY DUANE DALEY,

Defendant-Appellant.

No. 10-4043

(D.C. No. 08-CR-00092-TS-1)

(D. Utah)

---

ORDER AND JUDGMENT[*]

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

---

After examining counsel's *Anders* brief and the appellate record, this panel

has determined unanimously that oral argument would not materially assist in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This case is therefore ordered submitted without oral argument.

Following the filing of criminal charges against him, Appellant pled guilty

to possessing methamphetamine with the intent to distribute. Although the

district court calculated the applicable Sentencing Guidelines range to be seventy

to eighty-seven months of imprisonment, the court varied below the Guidelines

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

and imposed a sentence of sixty months, the statutory mandatory minimum for Appellant's offense.  *See* 21 U.S.C. § 841(b)(1)(B).  On appeal, Appellant's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), explaining why counsel believes there to be no reasonable grounds for appeal. Appellant and the government were both given the opportunity to file a response to the *Anders* brief, but neither did so.

When defense counsel files an *Anders* brief, we are required to conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous."  *Id.* at 744.  Thus, "defense counsel who file an *Anders* brief generally should ensure that copies of all possibly relevant transcripts are included in the record on appeal" so the record will be "adequate . . . to satisfy both counsel's obligation to his or her client and our appellate review obligation under *Anders*." *United States v. Delacruz-Soto*, 414 F.3d 1158, 1161 (10th Cir. 2005).

In this case, despite our repeated admonitions and reminders to counsel of his obligations in connection with this appeal, counsel has failed to file an adequate appendix that includes all relevant transcripts.  Nevertheless, we have obtained the record online and fully reviewed all of the district court proceedings, including all transcripts.  Having done so, we agree with counsel that Appellant has no non-frivolous grounds he could raise on appeal.

Nothing in the plea agreement or plea colloquy suggests a valid basis on which Appellant could challenge the entry of his plea of guilty.  As for

Appellant's sentence, we see no meritorious ground on which Appellant could challenge the length or constitutionality of the mandatory minimum sentence[1] he received. *See United States v. Garcia-Fuentes*, 250 F. App'x 886, 887 (10th Cir. 2007) (finding no meritorious basis for a defendant to appeal the imposition of a sixty-month mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B)); *United States v. Hatch*, 925 F.2d 362, 363 (10th Cir. 1991) (rejecting the argument that mandatory minimum sentences violate the Eighth and Fifth Amendments); *United States v. Angelos*, 433 F.3d 738, 750-53 (10th Cir. 2006) (rejecting an Eighth Amendment challenge to a mandatory sentence of fifty-five years for drug and firearm offenses committed by a defendant with no prior adult criminal history).

Our thorough review of the record persuades us that Appellant can raise no meritorious issue on appeal. We therefore **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[1] Although there are two possible ways to receive a sentence below this mandatory minimum, the record does not suggest that Appellant was qualified for either. *See* 18 U.S.C. § 3553(e) (permitting a below-Guidelines sentence "[u]pon motion of the Government" where a defendant has substantially assisted "in the investigation or prosecution of another person who has committed an offense"); *id.* § 3553(f) (permitting disregard of statutory minimums for certain offenses where, inter alia, the defendant did not possess a firearm in connection with the offense).