**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10455 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00737-FRZ-JJM-3 |
| v. | |
| PAULINO RIOS-LEDESMA, aka Paulino Rios-Ledezma, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, Senior District Judge, Presiding

Submitted August 11, 2011[**]
San Francisco, California

Before:  O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

Defendant Paulino Rios-Ledesma appeals his sentence for numerous crimes committed while smuggling aliens illegally into the United States.  Six of those crimes independently carry possible terms of life imprisonment.  Defendant

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

nevertheless argues that his 57-year sentence is grossly disproportionate to his crimes and that it therefore violates the Eighth Amendment. Reviewing de novo, United States v. Barajas-Avalos, 377 F.3d 1040, 1060 (9th Cir. 2004), we affirm.

Defendant, along with his four co-defendants, smuggled 31 undocumented aliens across the Arizona border. When they reached Tucson, the smugglers took the aliens to a stash house. The smugglers forcibly held the aliens there and threatened not to release them until they each paid more money. The smugglers also threatened to shoot the aliens with a MAK-90 assault rifle and a 9mm pistol if they did not pay. Defendant had the task of keeping a record of each alien and what amount he or she owed. He also made phone calls to the aliens' family members, demanding that they pay for the aliens' release. Defendant kept a pistol in his waistband at all relevant times.

A jury convicted Defendant of, among other things, three separate charges of brandishing a firearm while committing crimes of violence. Under 18 U.S.C. § 924(c), the district court had to sentence Defendant to a minimum term of 7 years on the first of those counts, and to a minimum term of 25 years on each of the two

subsequent counts, all to be served consecutively. Defendant therefore received the minimum sentence mandated by Congress.[1]

Because we previously have held that § 924(c) is a constitutional exercise of Congress' broad authority to define and fix the punishment for crime, United States v. Wilkins, 911 F.2d 337, 338–39 (9th Cir. 1990), reaff'd by United States v. Hungerford, 465 F.3d 1113, 1118 (9th Cir. 2006), we reject Defendant's argument that the statute unconstitutionally deprives the district courts of sentencing discretion. Because Defendant's sentence is not grossly disproportionate to his crimes, we also reject Defendant's argument that his sentence violates the Eighth Amendment. United States v. Harris, 154 F.3d 1082, 1084 (9th Cir. 1998). Defendant's Eighth Amendment challenge is thus "directly precluded by our precedent." Hungerford, 465 F.3d at 1118.

AFFIRMED.

---

[1] Departing from the Sentencing Guidelines in Defendant's favor, the district court sentenced Defendant to "time served" on each of the additional seven crimes of which Defendant was convicted.