**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50466 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-02194-IEG-1 |
| v. | MEMORANDUM[*] |
| MOISES SALAS PALACIOS, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Chief District Judge, Presiding

Submitted December 5, 2011[**]
Pasadena, California

Before:  B. FLETCHER, SILVERMAN, and WARDLAW, Circuit Judges.

Moises Salas Palacios was convicted for importing cocaine and possession

with intent to distribute the same.  He was sentenced to the mandatory minimum of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed.R. App.P. 34(a)(2).

120 months' imprisonment and now appeals his conviction and sentence. We affirm.

Palacios first argues that he is entitled to a new trial because the district court upheld two of the prosecutor's three strikes to Hispanic jurors on the venire, in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986). Steps one and two of the *Batson* framework are not in dispute. Only step three of the *Batson* inquiry is at issue and thus the sole question is whether the trial court clearly erred in concluding that there was no purposeful discrimination. *Tolbert v. Page*, 182 F.3d 677, 680 n.5 (9th Cir. 1999). We conclude that the district judge did not clearly err.

The prosecutor attempted to strike all three Hispanic jurors, P.L., A.G., and D.A. The district court sustained the objection to excusing P.L. and she was seated on the jury.

The prosecutor's reasons for striking A.G. were: (1) he had a close relative who was convicted of importing drugs and A.G. was uncertain whether his relative's experiences with the criminal justice system would influence him in this case; and (2) he was a professor whom prosecutors often disfavor as jurors. Both are valid, race-neutral reasons for challenging a juror.

The prosecutor's reasons for striking D.A. were: (1) his lack of life experience based on his age and status as a student; (2) his prior jury service; and (3) his overall disheveled look, particularly his goatee and long hair. We afford

considerable deference to a trial judge's findings, particularly where, as in this case, she has sustained the challenge to P.L., rejecting the prosecutor's questionable reasons.  We cannot say that the district court judge clearly erred in holding that the prosecutor's justifications for the strikes of A.G. or D.A. were genuine "rather than pretexts invented to hide purposeful discrimination."  *Green v. LaMarque*, 532 F.3d 1028, 1030 (9th Cir. 2008).

Palacios also argues that the mandatory minimum sentence he received violates the Eighth Amendment and is discriminatory in violation of his Fifth Amendment right to equal protection and due process.  Palacios' arguments are foreclosed under the law of our Circuit.  *See United States v. Labrada-Bustamante*, 428 F.3d 1252, 1265 (9th Cir. 2005) ("Mandatory minimum sentencing schemes have been consistently upheld against constitutional challenge.") (quoting *United States v. Wilkins*, 911 F.2d 337, 339 (9th Cir.1990)); *United States v. Kidder*, 869 F.2d 1328, 1334 (9th Cir. 1989) (rejecting due process argument that a statutory mandatory minimum sentence is unconstitutional); *United States v. Kinsey*, 843 F.2d 383 (9th Cir. 1988) (overruled on other grounds by *United States v. Nordby*, 225 F.3d 1053, 1059 (9th Cir. 2000)) (rejecting Eighth Amendment and Equal Protection challenges to 21 U.S.C. § 841(b)).

**AFFIRMED.**